Parker C. J.
This action is brought against the Ep'sco* Pa^ Church in Dedham, upon a promissory note subscribed by William Montague as rector and George Clark and John Lathrop as wardens of that church, and dated the 9th vf May, 1799. At the time the note was made, a corporation existed by virtue of the statute passed on the 27th of February, 1794, consisting of the rector, wardens and vestry, and the corporate-name given by that statute is, The Episcopal Church in Ded ham.
The powers given to this corporation by the statute a> - limited to the leasing any lands or tenements belonging to ti-t church, conformably to a vote of the proprietors ; conveying a piece of land for the use of the county of Norfolk ; suing f ir and recovering all debts then due, or which might become di e, to the church ; and suing and defending in all actions in wh’ch the church may be concerned.
In 1799, the proprietors voted that the rector and wardens be authorized to hire of the Episcopal Charitable Society in Boston 800 dollars, and in behalf of the church to give their note for the same, and that the church become bound to pay the same. The note now in suit was given for the loan of money paid in pursuance of this vote, and in 1812 two years interest was paid on it by James Richardson, then acting as treasurer of the church, and interest for sundry other years was paid by Montague, while he was rector of the church.
It is contended by the counsel for the defendants, that the rector and wardens had no authority, by virtue of their incorporation, to hire the money,' or to give a note therefor, and that such note could not bind the corporation then in existence, for want of such authority. And it would seem that in strictness there was no legal authority for this object, for the rector and wardens acted under a vote of the proprietors, who were not a part of the corporation, and there was no authority from the vestry-men, who with the rector and wardens composed the whole corporation. And yet the statute seems to be founded upon the existence of another corporation, viz. the church, which was considered to be composed of the proprietors of pews ; for the rectors, warden and vestry are tv sue for money belonging to the church, and to defend actions *381 brought against it. The several bodies incorporated by the statute are rather constituted agents for the church than a corporation, and the powers given to them are such as would ordinarily be exercised by agents. In a legal point of view, however, the church or proprietors were only a voluntary religious society, and after the passing of that statute could make contracts only through the organs appointed by the statute, viz. the rector, wardens and vestry ; so that the note given by the rector and wardens only, under a vote of the proprietors, would bind the proprietors only as joint contractors associated together as partners, and not as a corporation. Nevertheless, if the debt of which the note is evidence, was incurred for the benefit of the corporation, which was made by the statute to represent the church or the proprietors, and the money procured actually went to their use, they knowing the circumstances under which it was procured, an action must certainly lie to recover that money ; otherwise, manifest wrong and injustice would be done.[1] Now there is sufficient evidence in the case to show that the money was so applied, and there are repeated recognitions of the debt, as well by the payment of interest from time to time, as by the settlement of the accounts between Montague and the'church in 1803, in which account the church is credited with the sum of 800 dollars hired of the plaintiffs.
It seems to us incontrovertibly proved in the case, by the facts reported and the documents referred to, that the Episcopal church in Dedham, whether existing in the shape of pro prietors of pews, or of rector, wardens and vestry, were indebted to the Episcopal Charitable Society, in the year 1799, in the sum of 800 dollars ; and there is no evidence, nor indeed any suggestion, that the principal sum lent has ever been paid.
The only question of difficulty, if there be any, is whether the corporate body known by the name of the Episcopal Church in Dedham is chargeable with that debt. It is said there °.re two corporations of that name, both existing by virtue of acts of incorporation, and that if either is liable, it is that which was first incorporated. If this be so, it is a matter to *382 be settled when the property of either shall be taken to satisfy the execution ; as if execution should be obtained against A. B., and there should be two more persons of the same name within the same county, the creditor in such case must levy at his peril, and take care to select the right person. But we think there can be no difficulty of the kind in the case now before us. The corporation created by the statute of 1818 was without doubt intended to supersede all preexisting corpora tians relating to the Dedham Episcopal Church. There is but one Dedham Episcopal Church. In 1794, the rector, wardens and vestry were invested with certain corporate powers ; the real parties in interest, viz. the proprietors of pews, were left without any powers except as a voluntary society. In 1818, a new act is passed, incorporating certain persons therein named and the proprietors of pews of the same church, giving them control over the property and repealing all other acts relating to the same subject. This latter corporation has been organized, has assumed to be the Dedham Episcopal Church, and among the first, certainly among the most just, of their doings, have assumed and undertaken to receive and make payment of all unsettled and outstanding accounts and claims, either in favor of or against the church, which accrued under the former act of incorporation. Without doubt they have taken to themselves the property, and therefore could not in conscience refuse to pay the debts. They in fact by these proceedings claim to be the lawful successors of the former corporation ; if in doing this they violate the rights of any preexisting body, the law will'decide between them ; at present, however, they do not stand in the situation to deny their identity with the Dedham Episcopal Church, or any of its lawful representatives heretofore appointed, but must be considered as having adopted the debts of the church ; so that whether answerable as having made the note declared on or not, they must be charged as having ratified the doings of the former agents of the church,.and are responsible upon the money counts, if not upon the note itself.

Judgment according to the verdict.

 See Proprietors of the Canal Bridge v. Gordon, ante, 304, note.